UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL VICTOR LANE,<br><br>                     Petitioner,<br>     v.<br>WARDEN HENLEY,<br><br>                     Respondents. | Case No. 3:25-cv-00484-ART-CLB<br><br>DISMISSAL ORDER |

Petitioner Michael Victor Lane filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF Nos. 1-1 ("Petition").) The Court conducted an initial review of the Petition and instructed Lane to show cause why his Petition should not be dismissed as untimely. (ECF No. 5.) Lane timely responded. (ECF No. 6.) For the reasons discussed below, the Court dismisses the Petition with prejudice as time barred.

**I.     BACKGROUND**[1]

Lane challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Michael V. Lane*, 10C261085. On June 3, 2015, the state court entered a judgment of conviction, pursuant to a guilty plea, adjudging Lane guilty of murder with the use of a deadly weapon, robbery with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. Lane was sentenced to 8 to 20 years for the murder conviction, 6 to 15 years for the robbery conviction plus a consecutive 6 to 15 years for the deadly weapon enhancement, and 8 to 20 years for the attempted murder conviction plus a consecutive 8 to 20 years for the deadly weapon enhancement. Lane did not file a direct appeal.

---

[1] The Court repeats this section of its Order to Show Cause for clarity purposes.

1

On August 16, 2024, Lane filed a state habeas petition. *Michael Lane v. State of Nevada*, A-24-899940-W. The state court found that the petition was time barred due to it being filed over 8 years late. Lane appealed, and on July 30, 2025, the Nevada Court of Appeals affirmed, finding that the petition was procedurally barred. *Michael Victor Lane v. State of Nevada*, No. 89895-COA. Remittitur issued on September 9, 2025.

On January 3, 2025, Lane filed a second state habeas petition. The state court denied the petition, Lane appealed, and the appeal is pending with the Nevada appellate courts. *See Michael Lane v. State*, No. 90482.

In his instant Petition, Lane alleges that (1) he was coerced by his trial counsel throughout his representation, culminating in him being coerced to plead guilty to avoid the death penalty, (2) his trial counsel failed to advise him of his right to a direct appeal, and (3) his trial counsel failed to use his neuropsychiatric evaluation to his benefit. (ECF No. 1-1.)

## II.     TIMELINESS STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, *i.e.*, 365 days, begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153

n.1 (9th Cir. 2006).

## III. DISCUSSION

Because Lane did not file a direct appeal to the Nevada appellate courts challenging his judgment of conviction, his conviction became final on the date in which the time for seeking direct review expired: July 3, 2015. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: July 4, 2015. Accordingly, the limitations period expired 365 days later on July 4, 2016.[2] Accordingly, Lane filed his Petition more than 9 years after the AEDPA limitation period expired.

In his response to the Order to Show Cause, Lane argues that (1) his access to the law library has been difficult, (2) Nevada has acted in direct conflict with the Fourteenth Amendment by denying him a right to be heard, and (3) the Fourteenth Amendment allows flexibility in allowing petitioners to present their claims. (ECF No. 6.) These arguments fail to rise to the level of showing that Lane's Petition is entitled to equitable or statutory tolling, that his limitations period commenced on a different date than discussed above, or that he can avoid the limitations period based on a claim of actual innocence. Indeed, Lane's response essentially requests that this Court ignore his failure to comply with AEDPA's timeliness requirements so that he is not prevented from having his day in court. While this Court acknowledges that the Nevada appellate courts have not heard Lane's claims, this is due to Lane not filing a direct appeal and waiting

---

[2] Although Lane filed a state habeas petition on August 16, 2024, it was filed after the AEDPA clock had already expired. As such, Lane's state habeas petition could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

3

8 years to file a state habeas petition. Because Lane fails to show that his Petition should not be dismissed as untimely, this Court dismisses Lane's Petition with prejudice.[3]

**IV.  CONCLUSION**

It is therefore ordered that the Petition is dismissed with prejudice as time barred. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[4] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

DATED THIS 22nd day of October 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] In the Order to Show Cause, the Court also noted that Lane had not presented grounds 1 or 2 to the state courts. (ECF No. 5.) Lane responded that these grounds are currently be presented to the state courts in his pending second state habeas petition. Because Lane has failed to show why his Petition should not be dismissed as untimely, there is no need for this Court to consider Lane's request to stay his Petition pending the exhaustion of grounds 1 and 2 in state court.

[4] No response is required from Respondents other than to respond to any orders of a reviewing court.

4